NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK MARLOW, husband; NANCY MARLOW, wife, | No. 16-35211 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00131-TOR |
| v. | MEMORANDUM* |
| JOHN HOTCHKISS, in his individual capacity; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Mark Marlow and Nancy Marlow appeal pro se from the district court's

judgment dismissing their action alleging various claims related to their real

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed the Marlows' action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims constituted a forbidden "de facto appeal" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**

16-35211